IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL H. HOLLAND, MICHEAL W. BUCKNER, B.V. HYLER and STEVEN F. SCHAAB as Trustees of the UNITED MINE WORKERS OF AMERICA 1974 PENSION TRUST,<br><br>     Plaintiffs,<br>  v.<br><br>M.S.B. LEASING, INC.<br><br>     Defendant. | Civil Action No. 1:07-cv-01850 (RCL) |

## APPLICATION FOR ENTRY OF DEFAULT JUDGMENT

  I hereby certify, this 17th day of January, 2008, that I am co-counsel of record for the Plaintiffs in the above-entitled action; that Defendant M.S.B. Leasing, Inc. was served via certified mail pursuant to the provision of Rule 4(h)(1) of the Federal Rules of Civil Procedure and Rule 4(c)(3) of the Superior Court of the District of Columbia on October 26, 2007 and that proof of service was filed with the Court on November 5, 2007 by Return of Service, a copy of which is attached as Exhibit A.

  I further certify that no appearance has been entered by Defendant M.S.B. Trucking, Inc.; that the time within which Defendant M.S.B. Trucking, Inc. may answer or otherwise respond to the Complaint has expired; that Defendant M.S.B. Leasing, Inc. has not filed pleadings in this matter and no pleadings have been served upon Plaintiffs' attorneys; and that this Court has jurisdiction over Defendant M.S.B. Leasing, Inc. and venue properly lies in this Court, pursuant to 29 U.S.C. §§ 1132, 1451.

The Application for Entry of Default of Defendant M.S.B. Leasing, Inc. was filed on January 17, 2008,

There is now justly due and owing to the Plaintiffs by Defendant M.S.B. Leasing, Inc.:

(a) withdrawal liability within the meaning of 29 U.S.C. § 1381(a) in the amount of $545,262.88;

(b) interest on such sum allowable pursuant to 29 U.S.C. § 1132(g)(2)(B) calculated through January 17, 2008, in the amount of $178,039.24, plus additional interest accrued from January 17, 2008 to the date judgment is entered at the rate of $107.96 per diem;

(c) liquidated damages in amount equal to interest on the unpaid contribution pursuant to 29 U.S.C. 1132(g)(2)(C) and 1451(b) calculated through January 17, 2008, in the amount of $178,039.24, plus additional liquidated damages equal to interest accrued from January 17, 2008 to the date judgment is entered at the rate of $107.96 per diem, all as proved by the Affidavit of Dale R. Stover, filed herewith as Exhibit B; and

(d) attorneys' fees and costs allowable under 29 U.S.C. § 1132(g)(2)(D) of $720.00, as proved by the Affidavit of Christopher F. Clarke filed herewith as Exhibit C.

WHEREFORE, Plaintiffs apply to this Honorable Court to enter judgment in their favor and against Defendant M.S.B. Leasing, Inc. in accordance with the Complaint and Affidavits filed herein.

I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

/s/
CHRISTOPHER F. CLARKE
Senior Assistant General Counsel
D.C. Bar No. 441708

UMWA HEALTH & RETIREMENT FUNDS
Office of General Counsel
2121 K Street, N.W.
Washington, D.C.  20037
Telephone:  (202) 521-2238

Attorney for Plaintiffs

Executed on January 17, 2008

197026328.doc

3

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2008, I served the foregoing Application for Entry of Default Judgment with supporting affidavits via United States Mail, First Class, Postage Prepaid, to the following individuals:

>Jack Berry, President
>M.S.B. Leasing, Inc.
>397 Chapel Drive
>Yawkey, WV  25203

>/s/
>Christopher F. Clarke
>Senior Assistant General Counsel
>D.C. Bar No. 441708

AO 440 (Rev DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

Michael H. Holland, Michael W. Buckner,
B.V. Hyler, and Steven F. Schaab as
Trustees of the United Mine Workers
of America 1974 Pension Plan

**SUMMONS IN A CIVIL CASE**

V.

M.S.B. Leasing, Inc.

Case: 1:07-cv-01850
Assigned To : Lamberth, Royce C.
Assign. Date : 10/15/2007
Description: Labor-ERISA

```
WV Secretary of State

Receipt #:                    69518
Station ID:                    M01

List Of Services

sp s  msb leasing           $20.00

Total:                       $20.00

Payment Details:

ume health
k  32102                    $20.00

Original Transaction Date:  10/18/2007

Thank You For Your Business!
```

and required to serve on PLAINTIFF'S ATTORNEY (name and address)

: General Counsel

u with this summons, within _____20_____ days after service
service. If you fail to do so, judgment by default will be taken against you for
that you serve on the parties to this action must be filed with the Clerk of this
ice.

OCT 15 2007
DATE

(By) DEPUTY CLERK

**RECEIVED**
NOV 5 - 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

    G  Served personally upon the defendant. Place where served: _____

2. Article Number

|||||||||||| (barcode)
7160 3901 9845 0899 9091

3. Service Type   CERTIFIED MAIL
4. Restricted Delivery? (Extra Fee)   ☐ Yes
1. Article Addressed to:
1:07-CV-01850
M.S.B. Leasing, Inc.
Jack Berry
397 Chapel Drive
Yawkey, WV 25573

COMPLETE THIS SECTION ON DELIVERY
A. Received by (Please Print Clearly)
B. Date of Delivery: 10-26-07
C. Signature: X _____ ☐ Agent ☒ Addressee
D. Is delivery address different from item 1? ☐ Yes ☐ No
808 Lee Ave
Madison, WV 25130

PS Form 3811, January 2005    Domestic Return Receipt

_____    _____
Date                Signature of Server

_____
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

OFFICE OF THE SECRETARY OF STATE
STATE OF WEST VIRGINIA



**Betty Ireland**
Secretary of State

Building 1, Suite 157-K
1900 Kanawha Blvd., East
Charleston, West Virginia 25305
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

# LEGAL NOTICE

U.S. DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA
ATT: ATTORNEY ADMISSIONS
333 CONSTITUTION AVENUE NW,
ROOM 1825
WASHINGTON, DC 20001

October 31, 2007

Civil Action: 1:07-CV-01850

I am enclosing:

| | | |
|---|---|---|
| ____ summons | _1_ original | |
| ____ notice | ____ affidavit | |
| ____ order | ____ answer | |
| ____ petition | ____ cross-claim | |
| ____ motion | ____ counterclaim | |
| ____ interrogatories | ____ request | |
| ____ suggestions | _1_ certified return receipt | |
| ____ subpoena duces tecum | ____ request for production | |
| ____ summons and complaint | ____ request for admissions | |
| ____ summons returned from post office | ____ no return from post office | |
| ____ summons and amended complaint | ____ notice of mechanic's lien | |
| ____ 3rd party summons and complaint | ____ suggestee execution | |

which was served on the Secretary at the State Capitol in her capacity as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of M.S.B. Leasing, Inc..

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about these documents directly to the court or to the plantiff's attorney, shown in the enclosed paper. Please do not call the Secretary of State's office.*

Sincerely,

Penney Barker

Penney Barker, Manager
Business & Licensing Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL H. HOLLAND, MICHEAL W. BUCKNER, B.V. HYLER and STEVEN F. SCHAAB as Trustees of the UNITED MINE WORKERS OF AMERICA 1974 PENSION TRUST,<br><br>          Plaintiffs,<br>    v.<br><br>M.S.B. LEASING, INC.<br><br>          Defendant. | Civil Action No. 1:07-CV-1850 (RCL) |

## AFFIDAVIT OF DALE R. STOVER

I, Dale R. Stover, after being duly sworn, depose and state as follows:

    1.    I am an employee of the United Mine Workers of America ("UMWA") 1950 Pension Plan, the UMWA 1974 Pension Plan, the UMWA Combined Benefit Fund, the UMWA 1992 Benefit Plan, the UMWA 1993 Benefit Plan and the UMWA Cash Deferred Savings Plan of 1988.  These Plans and Trusts are jointly administered and are commonly known as the UMWA Health and Retirement Funds (the "Funds").  I am employed as the Funds' Director, Finance and General Services.

    2.    In discharging my duties as Director of the UMWA Health and Retirement Funds, I am responsible for the operation and guidance of the Department of Finance and General Services, which includes, among other things, overall supervision of accounting and financial reporting, collection of statutory premiums and contractual contributions, field audit, withdrawal liability and financial analysis for each of the Plans and Trusts.  I am also responsible for insuring that the Funds have adequate internal accounting controls and that the accounting conforms to GAAP, federal regulations and Funds' policies.

    3.    It is my duty, among other things, to determine the amount and amounts owed to the Plaintiffs herein as Trustees of the UMWA 1974 Pension Plan for withdrawal liability pursuant to Section 4201 of

the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1381 (1982).

4. On January 15, 2008, I made an inspection and analysis of the contribution records of Triple J Trucking, Inc. at the offices of the UMWA Health and Retirement Funds, 2121 K Street, NW, Washington, D.C. 20037.

5. Triple J Trucking, Inc.'s withdrawal liability to the 1974 Pension Plan was calculated pursuant to Section 4211(c)(3) of ERISA, 29 U.S.C. § 1391(c)(3) with reference to its required contributions as follows. During the period July 1, 1990 through June 30, 1995, Triple J Trucking, Inc. incurred an obligation to make contributions to the UMWA 1974 Pension Plan in the amount of $164,327.27.

1974 Pension Plan Withdrawal Liability

| Withdrawn employer's required contributions to the 1974 Pension Plan <u>for the period 07/01/90–06/30/95</u>  Total amount contributed under the Plan by all employers in the non-construction segment for the 5 plan years ending 06/30/95, <u>plus</u> any employer contributions owed with respect to the segment for earlier periods which were collected in those plan years, <u>less</u> any amount contributed to the Plan with respect to the segment during those plan years by employers who withdrew from the Plan during those plan years. | X | 1974 Pension Plan total unfunded vested benefits of the non-construction segment as of 06/30/95 less value of all outstanding claims for withdrawal liability with respect to the segment which can reasonably be expected to be collected from employers withdrawing on or before 06/30/95. | |
|---|---|---|---|
| $    164,327.27<br>$252,439,000.00 | X | $837,631,000.00 | = $545,262.88 |

Total Withdrawal Liability    $545,262.88

6. I have computed interest owed by Triple J Trucking, Inc., in accordance with 29 U.S.C. § 1399(c)(5), July 16, 2002, the due date of the first installment payment for withdrawal liability, to January 17, 2008 at the rate prescribed in 29 U.S.C. §§ 1399(c)(6) and 1132(g) and 26 U.S.C. § 6621 on the total outstanding balance of the withdrawal liability of $545,262.88. The interest rates used are the quarterly interest rates in accordance with the Pension Benefit Guaranty Corporation regulation pursuant

to 49 Fed. Reg. 22,642 (1984).  These interest rates have been adopted by the Plan for use in computing interest on delinquent withdrawal liability payments.  The rates in effect during the period relevant to this action, and the corresponding amounts of interest due, are as follows:

| | |
|---|---|
| Interest @ 4.75% from 07/16/02 – 12/31/02 | $11,908.54 |
| Interest @ 4.25% from 01/01/03 – 09/30/03 | $17,267.38 |
| Interest @ 4.00% from 10/01/03 – 09/30/04 | $21,952.28 |
| Interest @ 4.50% from 10/01/04 – 12/31/04 | $ 6,170.19 |
| Interest @ 5.25% from 01/01/05 – 03/31/05 | $ 7,066.61 |
| Interest @ 5.50% from 04/01/05 – 06/30/05 | $ 7,492.46 |
| Interest @ 6.00% from 07/01/05 – 09/30/05 | $ 8,226.93 |
| Interest @ 6.50% from 10/01/05 – 12/31/05 | $ 8,929.22 |
| Interest @ 7.25% from 01/01/06 – 03/31/06 | $ 9,716.58 |
| Interest @ 7.50% from 04/01/06 – 06/30/06 | $10,171.88 |
| Interest @ 8.00% from 07/01/06 – 09/30/06 | $10,985.96 |
| Interest @ 8.25% from 10/01/06 – 12/31/07 | $56,315.84 |
| Interest @ 7.25% from 01/01/08 – 01/17/08 | $ 1,835.35 |
| MINIMUM DUE: | $178,039.24 |

Interest @ 7.25% after January 17, 2008 is $107.96 per day.

7.     I have computed the request for liquidated damages pursuant to the provisions set forth in ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b) and Article X.I of the United Mine Workers of America 1974 Pension Plan which state as follows:

3

      Section 1451(b): "In any action to compel an employer to pay withdrawal liability, any failure of the employer to make any withdrawal liability payment within the time prescribed shall be treated in the same manner as a delinquent contribution (within the meaning of Section 1145)."

      Section 1132(g)(2): "In any action under this title by a fiduciary for or on behalf of a plan to enforce Section 1145 in which a judgment in favor of a plan is awarded, the court shall award the plan

          (a) the unpaid contributions,
          (b) interest on the unpaid contributions
          (c) an amount equal to the greater of
                (i) interest on the unpaid contributions or
                (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or state law) of the amount determined by that court under subparagraph (a), …"

Article X.I:

                (iii) "If the Trustees file suit to collect the outstanding balance of withdrawal liability, plus accrued interest, and a judgment is entered by the courts in favor of the Trustees, the judgment entered shall provide for an additional amount equal to 20% of the outstanding amount of withdrawal liability as liquidated damages."

8.     To determine whether 29 U.S.C. § 1132(g)(2)(c)(i) or 29 U.S.C. § 1132(g)(2)(c)(ii) provides the proper liquidated damages to the United Mine Workers of America 1974 Pension Plan, I have computed liquidated damages in this case in the following manner:

    (a) Pursuant to 29 U.S.C. § 1132(g)(2)(c)(i), and as stated in Paragraph 6 of this affidavit, the interest on the unpaid contributions equals $178,039.24.

    (b) Pursuant to 29 U.S.C. § 1132(g)(2)(c)(ii) and Article X.I of the United Mine Workers of America 1974 Pension Plan, twenty percent (20%) of the unpaid contributions equals $109,052.57 [$545,262.88 (total withdrawal liability) X 20%].

Thus, pursuant to 29 U.S.C. § 1132(g)(2)(c), and based on the computations set forth above, liquidated damages in this case are $178,039.24.

9.  I have prepared the following summary showing the amounts due from Triple J Trucking, Inc.:

| | |
|---|---|
| Principal amount due from Paragraph 5 | $545,262.88 |
| Interest amount due from Paragraph 6 | $178,039.24 |
| Liquidated damages due from Paragraph 7 | $178,039.24 |
| **Total Amount Due** | $901,341.36 |

I hereby certify under penalty of perjury that the foregoing is true and correct this 16th day of January 2008 at Washington, D.C.

/s/
DALE R. STOVER

197012305.doc

SUBSCRIBED AND SWORN TO

BEFORE ME THIS 16TH DAY

OF JANUARY, 2008

/s/
ANNETTE HARGIS
Notary Public

My commission expires on October 14, 2012

IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL H. HOLLAND, MICHEAL W. BUCKNER, B.V. HYLER and STEVEN F. SCHAAB as Trustees of the UNITED MINE WORKERS OF AMERICA 1974 PENSION TRUST,

              Plaintiffs,

  v.

M.S.B. LEASING, INC.

              Defendant.

Civil Action No. 1:07-CV-01850 (RCL)

## AFFIDAVIT OF CHRISTOPHER F. CLARKE

I, Christopher F. Clarke, hereby certify under penalty of perjury as follows:

1. I am co-counsel for Plaintiffs, the Trustees of the United Mine Workers of America ("UMWA") Health and Retirement Funds ("Funds"), and am co-counsel of record for Plaintiffs in this action.

2. I submit this Affidavit in support of the Plaintiffs' Application for Default Judgment which includes a request for attorneys' fees. Attorneys' fees are sought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(g)(2) and 1451(b), which provides as follows:

> Section 1451(b): "In any action to compel an employer to pay withdrawal liability, any failure of the employer to make any withdrawal liability payment within the time prescribed shall be treated in the same manner as a delinquent contribution (within the meaning of Section 1145)."
>
> Section 1132(g)(2): "In any action under this title by a fiduciary for or on behalf of a plan to enforce Section 1145 in which a judgment in favor of a plan is awarded, the Court shall award the plan...
>
> > "(D) reasonable attorney's fees and costs of the action, to be paid by the defendant..."

3. I believe the fee of $300.00 for legal services rendered in connection with this case is fair and reasonable, based upon the facts set forth in the preceding paragraphs, and that Plaintiffs should have Judgment for that amount pursuant to 29 U.S.C. § 1132(g)(2)(D).

4. Plaintiffs have incurred the following disbursements, cost and expenses in connection with this case, which costs have been paid by the Funds and for which the Funds should have judgment:

| | |
|---|---:|
| Filing fee for Complaint | $350.00 |
| Postage and copy charges | 6.00 |
| WV Secretary of State's service fee | 20.00 |
| Certification Fees (advance) | 44.00 |
| TOTAL | $420.00 |

I declare under penalty of perjury that the foregoing is true and correct.

/s/
CHRISTOPHER F. CLARKE
Senior Assistant General Counsel
D.C. Bar No. 441708

UMWA HEALTH & RETIREMENT FUNDS
Office of the General Counsel
2121 K Street, N.W.
Washington, D.C. 20037
Telephone: (202) 521-2238

SUBSCRIBED AND SWORN TO

BEFORE ME THIS 17th DAY

OF JANUARY, 2008

/s/
ANNETTE HARGIS
NOTARY PUBLIC
My commission expires on October 14, 2012
197026333.doc

IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL H. HOLLAND, MICHEAL W. BUCKNER, B.V. HYLER and STEVEN F. SCHAAB as Trustees of the UNITED MINE WORKERS OF AMERICA 1974 PENSION TRUST,<br><br>     Plaintiffs,<br> v.<br><br>M.S.B. LEASING, INC.<br><br>     Defendant. | Civil Action No. 1:07-CV-01850 (RCL) |

## ORDER OF DEFAULT JUDGMENT

In this action, Defendant M.S.B. Leasing, Inc., a corporation, having been regularly served with the Summons and Complaint, and having failed to plead or otherwise defend, the legal time for pleading or otherwise defending having expired, and the default of Defendant M.S.B. Leasing, Inc. having been duly entered according to law; upon the application of Plaintiffs, and upon all papers filed herein and the evidence adduced thereby, judgment is hereby entered against Defendant M.S.B. Leasing, Inc. in accordance with the prayer of Complaint.

WHEREFORE, by virtue of 29 U.S.C. §§ 1132(g) and 1451(b) and by reason of the premises aforesaid,

It is ORDERED, ADJUDGED and DECREED that the Plaintiffs do have and recover from Defendant M.S.B. Leasing, Inc.:

 (a) withdrawal liability of       $545,262.88;

 (b) prejudgment interest calculated at

   at PBGC rates and in accordance with

|     |                                                                                                                                      |              |
| --- | ------------------------------------------------------------------------------------------------------------------------------------ | ------------ |
|     | with the Affidavit of Dale R. Stover through January 17, 2008 of                                                                     | $178,039.24; |
| (c) | additional prejudgment interest accrued from January 17, 2008 through the date of this Order at the rate of $107.96 per diem of     | $_____; |
| (d) | liquidated damages equal to prejudgment interest through January 17, 2008 of                                                         | $178,039.24; |
| (e) | plus additional liquidated damages equal to prejudgment interest accrued from January 17, 2008 at the rate of $107.96 per diem of   | $_____; |
| (f) | attorneys' fees and cost of                                                                                                          | $    720.00; |

for a TOTAL JUDGMENT AMOUNT                    $_____;

and that the Plaintiffs have execution therefore against the Defendant, M.S.B. Leasing, Inc.

_____
UNITED STATES DISTRICT JUDGE

2

cc: Christopher F. Clarke, Senior Assistant General Counsel
UMWA Health and Retirement Funds
Office of the General Counsel
2121 K Street, N.W.
Washington, D.C.  20037

Jack Berry, President
M.S.B. Leasing, Inc.
397 Chapel Drive
Yawkey, WV 25203

197026334.doc